**Ralph B. TORGERSON,**
**Plaintiff–Appellant,**

v.

**Charles HYNES, District Attorney of Kings County, William Bratton, N.Y.C. Police Commissioner, New York City, James P. McCall, Michael J. West, Raymond DiWitt, P.O., Michael J. Writsel, Defendants–Appellees,**

Clarence Herbert, Defendant.

No. 00–9042.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2005.

Ralph B. Torgerson, for Appellant, pro se.

Janet L. Zaleon, Assistant Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees Charles Hynes, District Attorney of Kings County, William Bratton, N.Y.C. Police Commissioner, New York City, and Raymond DiWitt, P.O.

Michael J. West, for Appellees, pro se.

Michael J. Writsel, for Appellees, pro se.

Present: KEARSE, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

In July 1995, plaintiff Ralph B. Torgerson, acting *pro se,* filed a complaint against Kings County District Attorney Charles Hynes, former New York City Police Commissioner William Bratton, and the City of New York. A subsequent amended complaint added defendants Clarence Herbert, James P. McCall, Michael J. West, Michael J. Writsel, and police officer Raymond DiWitt. Underlying plaintiff's complaints were myriad alleged constitutional and statutory violations related to an ongoing neighborhood dispute between plaintiff, Writsel, and Herbert—a dispute in which police occasionally intervened.

Over the course of the first five years of this litigation, the District Court dismissed all of plaintiff's claims, except certain false arrest and malicious prosecution claims against Writsel. In due course, in an order dated July 21, 2000, the District Court granted summary judgment in Writsel's favor on the remaining claims. *See Torgerson v. Writsel,* 109 F.Supp.2d 107 (E.D.N.Y.2000). The Court held that plaintiff failed to present evidence from which a rational factfinder could infer that Writsel acted under the color of state law, as required to maintain an action under 42 U.S.C. § 1983. *Id.* Plaintiff now appeals the District Court's order.

We review a district court's grant of summary judgment *de novo. See, e.g., Rubens v. Mason,* 387 F.3d 183, 188 (2d Cir.2004). The District Court correctly ruled that, in order to prevail on a

§ 1983 claim, the plaintiff must establish that the conduct complained of was committed by a person acting under color of state law, *see e.g., Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Kia P. v. McIntyre,* 235 F.3d 749, 755–56 (2d Cir.2000). We have reviewed the District Court's grant of summary judgment in Writsel's favor and, for substantially the reasons set forth in the District Court's Memorandum and Order of July 21, 2000, we affirm.

Plaintiff also argues that a host of alleged procedural flaws marred the proceedings in the District Court. We have considered all of plaintiff's arguments and find them without merit. The judgment of the District Court is hereby **AFFIRMED.**