Stewart GINSBERG, Plaintiff–Appellant,

v.

HEALEY CAR & TRUCK LEASING, INC. and Michael P. Healey, Defendants–Appellees,

John Fitzgerald, Defendant.

Docket No. 98–9504

United States Court of Appeals, Second Circuit.

Argued June 10, 1999.

Decided Aug. 18, 1999.

Joanne S. Faulkner, New Haven, CT, for Plaintiff–Appellant.

James V. Somers, Halloran & Sage LLP, Hartford, CT (William J. McGrath, of counsel), for Defendants–Appellees.

Before: WINTER, Chief Judge, SACK, Circuit Judge, and SPRIZZO, District Judge.*

WINTER, Chief Judge:

Stewart Ginsberg appeals from Judge Squatrito's grant of summary judgment to Healey Car & Truck Leasing, Inc. and Michael P. Healey (collectively "Healey"). Appellant claims, *inter alia*, that Healey violated 42 U.S.C. § 1983 by depriving him of a property interest without due process of law. The district court held that there was no triable issue as to whether Healey acted under color of law because there was no evidence that it acted jointly with a public official to deprive Ginsberg of his property. We affirm.

## BACKGROUND

This case arises out of a contract dispute between Ginsberg and Healey. The various submissions disclose the following

---

* The Honorable John E. Sprizzo, of the United States District Court for the Southern District of New York, sitting by designation.

events. On June 12, 1996, Ginsberg rented a truck from Healey. According to Ginsberg, Healey agreed that Ginsberg's automobile insurer would pay the rental fee. However, when Ginsberg returned the truck approximately one month later, the insurer had not paid the fee, and Healey insisted that Ginsberg tender payment. According to Healey, Ginsberg had agreed that he, not his insurer, would pay for the rental. Ginsberg refused to pay, and a heated argument ensued between Ginsberg and Healey's manager, Gary Listorti. Eventually, Michael Healey asked Ginsberg to leave the showroom because his vulgar language and hostile behavior were disrupting Healey's business and disturbing its customers. Ginsberg left and went to a nearby gas station to make a telephone call. Meanwhile, Listorti called the Ansonia Police Department to report the disturbance in the showroom and to request that the Police Department send someone to the showroom in case Ginsberg returned.

Officer John Fitzgerald responded to the call. He met with Listorti, who described Ginsberg's obstreperous behavior and the payment dispute. Fitzgerald then left Healey's showroom and went to the gas station where he found Ginsberg. He asked Ginsberg to return to the showroom to "straighten out the matter." Ginsberg complied, and, upon arriving, resumed his argument with Listorti. Fitzgerald intervened and opined that Ginsberg "owe[d] Healey ... the money for the rental" and that, if Ginsberg did not pay, he could be arrested for larceny. Moreover, when Ginsberg persisted to argue in a loud voice, Fitzgerald threatened to arrest him for breach of the peace.

Ginsberg finally wrote a check to Healey for $1,780.77 and left Healey's showroom without being arrested. Later, however, he ordered his bank to stop payment on the check. To date, Ginsberg has not made any payment to Healey for the rental.

On March 20, 1997, appellant filed the instant action claiming that Healey and Fitzgerald deprived appellant of his property without due process of law in violation of 42 U.S.C. § 1983 and disclosed appellant's debt to third persons in violation of Conn. Gen.Stat. § 36a–645. Appellant's claims against Fitzgerald were later ordered dismissed pursuant to a settlement agreement. Judge Squatrito granted Healey's motion for summary judgment on the Section 1983 claim and dismissed the state-law claim against Healey without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, No. 3:97–503(DJS) (D.Conn. Sept. 30, 1998). This appeal followed.

## DISCUSSION

We review the grant of summary judgment *de novo*. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202–03 (2d Cir.1995). A moving party is entitled to summary judgment when, after reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact. *See* Fed. R.Civ.P. 56(c); *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 95 (2d Cir.1998). The moving party bears the burden of production, *i.e.*, the initial burden to demonstrate the absence of a genuine issue of material fact. *See Federal Deposit Insurance Corp. v. Giammettei*, 34 F.3d 51, 54 (2d Cir.1994); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A dispute is not "genuine" unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where, as here, the non-movant bears the burden of proof at trial, the movant can satisfy its burden of production by pointing out an absence of evidence to support an essential element of the non-movant's case. *See Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548; *Tops Mkts.*, 142 F.3d at 95.

Of course, the substantive law identifies which facts are material. *See Liberty Lob-*

*by*, 477 U.S. at 248, 106 S.Ct. 2505. Section 1983 imposes civil liability upon a party who "under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C. § 1983. Thus, for purposes of this proceeding, appellant had to proffer evidence in response to the motion sufficient to permit a trier of fact to find that Healey deprived him of a right secured by the " 'Constitution and laws' of the United States" and acted " 'under color of law' " in depriving him of this right. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting Section 1983); *see also Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993).

█ We may assume for present purposes that Healey deprived Ginsberg of his property without due process of law. Appellant also had to proffer evidence that Healey was a state actor. *See Adickes*, 398 U.S. at 152, 90 S.Ct. 1598. We have previously noted that state action under the Fourteenth Amendment is tantamount to action under color of law for purposes of Section 1983. *See Annunziato v. Gan, Inc.*, 744 F.2d 244, 249 (2d Cir.1984) ("[T]he 'under color' of law requirement has consistently been viewed in the same manner as the 'state action' requirement under the Fourteenth Amendment."); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930–31, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Healey is a private party but can nonetheless have acted under color of law for purposes of Section 1983 if it acted "jointly" with Fitzgerald to deprive Ginsberg of his property. The Supreme Court has stated:

Private persons, jointly engaged with state officials in the prohibited action are acting "under color" of law for purposes of [Section 1983]. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

*United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *accord Adickes*, 398 U.S. at 152, 90 S.Ct. 1598; *see also Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Annunziato*, 744 F.2d at 250.

█ Ginsberg's complaint alleged that the Ansonia Police Department has a "custom, practice or policy" of dispatching officers to Healey's premises when its customers are dissatisfied with their service. Although this allegation, if true, would support a finding of state action, *see, e.g., Alexis v. McDonald's Restaurants*, 67 F.3d 341, 351 (1st Cir.1995), appellant failed to provide any evidence of such a custom, practice, or policy. Moreover, in its submission in support of the summary judgment motion, Healey presented evidence that police officers have come to its showroom only twice in the past thirty-two years in connection with customer-related disturbances, including the incident in question.[1]

█ The only evidence proffered by appellant to show that Healey acted under color of law was Fitzgerald's active participation in the payment dispute with Ginsberg. Fitzgerald's conduct is not alone sufficient to create a genuine dispute of material fact on this issue, however. The record shows only that Healey's manager, Gary Listorti, called the Ansonia Police

1. Appellant makes a related argument that, because the issue of whether a private party acts under color of law is a " 'necessarily factbound inquiry,' " a court cannot grant summary judgment on this issue. *See* Appellant's Brief at 14 (quoting *Lugar*, 457 U.S. at 939, 102 S.Ct. 2744). However, we have previously granted summary judgment on this very issue precisely because, after "sifting [the] facts," we found no evidence supporting an allegation that a private party acted under color of law for purposes of Section 1983. *Dahlberg v. Becker*, 748 F.2d 85, 92 (2d Cir. 1984) (internal quotation marks omitted) (acknowledging that "the question of state involvement is always a factual inquiry," but granting summary judgment to defendant where there was no evidence that a state-court judge and a private party acted in concert to deprive plaintiff of his liberty).

Department because Ginsberg was "causing a scene in the showroom" and that Michael Healey 'wanted a police officer there to quell a disturbance "[j]ust in case" Ginsberg returned. Appellant has not offered any evidence rebutting the deposition testimony of Listorti and Michael Healey that the dispute with Ginsberg was contentious or that Healey called the police in order to prevent further disruption of the business. Specifically, there is no evidence that Healey sought the assistance of the Ansonia Police Department to resolve the payment dispute rather than to prevent further disturbance in the showroom.

To be sure, in explaining the history of the incident to Officer Fitzgerald, Listorti described the payment issue to him. But Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under Section 1983. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § [ ] 1983...."); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir.1978) (granting summary judgment to private defendant on Section 1983 claim because defendant "did [nothing] more than supply information to police officers who then acted on their own initiative in arresting [plaintiff]"); *cf. Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir.1984) (holding that defendants' invocation of New York courts to issue a contempt order "does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor[ ]").

Moreover, Officer Fitzgerald's active role in attempting to resolve the dispute after Healey requested police assistance in preventing further disturbance also does not, without more, establish that Healey acted under color of law. The sole evidence is that, on his own initiative, Fitzgerald brought Ginsberg back to Healey's showroom, told him that he was liable to Healey for the full amount of the bill, and warned that Ginsberg would be criminally liable if he failed to pay. Although this evidence would surely allow a trier to find that Fitzgerald acted under color of law in attempting to induce Ginsberg to pay the bill, it does not suffice to support a finding that Healey's receiving the check was also under color of law. There is no evidence that Fitzgerald undertook to resolve the dispute pursuant to any agreement or plan with Healey, and a trier could not reasonably infer that Healey acted jointly with Fitzgerald simply because Fitzgerald prevailed upon Ginsberg to pay the bill.

█ Indeed, if Healey can be said to have acted jointly with Fitzgerald on these facts, a private party would be considered a state actor responsible for subsequent, independent actions of a police officer whenever it legitimately calls for official assistance or protection. Where, as here, a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not "jointly engaged" in the officer's conduct so as to render it a state actor under Section 1983. *See Alexis*, 67 F.3d at 345, 352 (granting summary judgment to restaurant manager on Section 1983 claim where manager told police officer she "would like [an unruly customer] to leave" and officer thereafter forcibly removed customer from restaurant, but there was no evidence that the officer substituted the manager's judgment for his own); *Goldblatt Bros.*, 589 F.2d at 327 (holding private party did not act under color of law where "officers ... acted on their own initiative").

█ The fact that Healey did not ask Fitzgerald to cease his role in inducing Ginsberg to pay, is also not enough to make Healey a state actor absent any evidence of a "plan, prearrangement, conspiracy, custom, or policy." *Alexis*, 67 F.3d at 351; *see also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352–53 (7th Cir.1985) (granting summary judgment to restaurant owner on Section 1983 claim where owner reported non-paying customers to police officer, told officer where they

went, and officer later arrested them for theft of services; but there was no evidence of "concerted effort or plan" between the owner and the officer). Section 1983 does not impose civil liability on persons who merely stand to benefit from an assertion of authority under color of law, but only on those who act under color of law. *See Adickes,* 398 U.S. at 150, 90 S.Ct. 1598 (color-of-law element requires that "defendant *acted* 'under color of law'") (emphasis added); *cf. Vickery v. Jones,* 100 F.3d 1334, 1344 (7th Cir.1996) (holding that political party members did not act under color of law where they made recommendations to state officials but did not make any final decisions; "screening or recommending the hiring of employees ... is not the same as being 'jointly engaged with state officials ...'" (quoting *Adickes,* 398 U.S. at 152, 90 S.Ct. 1598)), *cert. denied,* 520 U.S. 1197, 117 S.Ct. 1553, 137 L.Ed.2d 701 (1997).

We therefore affirm the dismissal of the federal claim with prejudice and the state claim without prejudice.