Ralph B. TORGERSON, Plaintiff,

v.

Michael J. WRITSEL, Defendant.

No. 95 CV 3007 (RR).

United States District Court,
E.D. New York.

July 21, 2000.

Ralph B. Torgerson, Brooklyn, NY, pro se.

James P. McCall, Brooklyn, NY, for Defendant.

### Memorandum and ORDER

RAGGI, District Judge.

Plaintiff Ralph B. Torgerson sues his neighbor Michael J. Writsel pursuant to 42 U.S.C. § 1983 (1994 & Supp.2000) for false arrest and malicious prosecution stemming from events occurring in early July 1994. These claims are all that remain of plaintiff's initial suit against Kings County District Attorney Charles Hynes, former Police Commissioner William Bratton, the City of New York, Police Officer Raymond DiWitt, Clarence Herbert, James P. McCall, Michael J. West, as well as Mr. Writsel, for myriad violations of civil rights related to an ongoing neighborhood dispute between Torgerson, Mr. and Mrs. Writsel, and Clarence Herbert, which from time to time has involved police intervention. The history of this lawsuit is detailed in the December 2, 1997 Report of Magistrate Judge A. Simon Chrein, adopted by this court on January 9, 1998, familiarity with which is assumed.

In reviewing the pretrial order filed by the parties with respect to the remaining false arrest/malicious prosecution claims, this court noted a lack of evidence that defendant Writsel acted under "color of state law," a necessary element for any claim under § 1983. Plaintiff was given an opportunity to demonstrate that he could in fact adduce sufficient evidence at trial on this element to support a verdict in his favor. Having carefully reviewed the submissions of the parties, this court finds as a matter of law that plaintiff cannot show that Writsel's alleged misconduct was under color of state law. Accordingly, summary judgment is granted in favor of defendant on the remaining claims.

### Factual Background

In considering an award of summary judgment, a court is obliged to view the evidence in favor of the non-moving party, in this case, Mr. Torgerson. *See Belfi v. Prendergast,* 191 F.3d 129, 135 (2d Cir. 1999).

In January 1992, Ralph Torgerson moved into 620 Bay Ridge Parkway. Residing next door at 622 Bay Ridge Parkway were Mr. and Mrs. Michael J. Writsel and Mrs. Writsel's father, Clarence Herbert. Almost immediately, relations between the neighbors became contentious.

The events giving rise to the pending false arrest/malicious prosecution claims began on July 4, 1994, when Torgerson was entertaining guests on his backyard deck. Clarence Herbert purportedly began to photograph the scene, which sparked an argument among Torgerson, Herbert, and the Writsels, which went on for several days. Not surprisingly, the parties differ sharply in their accounts of what was said and done. What is undisputed is that Mr. and Mrs. Writsel both complained to the police about Torgerson's conduct, which prompted plaintiff's arrest on July 8, 1994 on charges of harassment and menacing. The Brooklyn District Attorney tried Torgerson on these charges on January 10, 1995, but after the Writsels testified, the prosecution moved to dismiss the case. Thereafter, Torgerson filed both this federal action and a state suit for personal injury, false arrest, and malicious prosecution.

***Discussion***

The Fourth Amendment prohibits arrests without probable cause to believe a crime has been committed, *see Covington v. City of New York,* 171 F.3d 117, 122 (2d Cir.1999), and malicious prosecutions, *see Murphy v. Lynn,* 118 F.3d 938, 944 (2d Cir.1997). 42 U.S.C. § 1983 provides a private cause of action against those persons who violate these and other federal rights while acting under color of state law. *See, e.g., Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d 268, 271 (2d Cir.1999). The "color of state law" element of § 1983 requires a plaintiff to show that a defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir. 1997) (internal quotation omitted).

■■■ Where, as in this case, a defendant is not himself a state actor, the requisite state action may nevertheless be demonstrated by evidence showing that he acted "jointly" with state actors, *see Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d at 271 (citing *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)), or that he conspired with state officials, *see Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) (citing *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)). In fact, none of the evidence Torgerson proffers in response to the court's recent inquiry shows such joint or conspiratorial action between Writsel and any state actor.

■■■ Certainly, the fact that Writsel furnished information to the police that ultimately led to Torgerson's arrest does not, by itself, support a finding of joint or conspiratorial state action in his arrest. *See Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d at 272. Neither does evidence of Writsel meeting with prosecuting authorities suffice to establish joint or conspiratorial malicious prosecution. *See San Filippo v. U.S. Trust Co.,* 737 F.2d 246, 256 (2d Cir.1984); *accord Scotto v. Almenas,* 143 F.3d at 115; *see also Dahlberg v. Becker,* 748 F.2d 85, 93 (2d Cir. 1984) ("the mere invocation by defendants of New York's legal procedures does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor").

Plaintiff nevertheless seeks to avoid summary judgment by proffering other theories on which Writsel should be viewed as a person acting under color of state law. First, he alleges that Writsel's father-in-law, Clarence Herbert, who is now deceased, was a state actor because he falsely represented himself to be a retired police lieutenant. Torgerson asserts that in May 1994, when he still believed this representation was true, he wrote to Messrs. Hynes and Bratton complaining that Herbert was abusing his official position. Plaintiff submits that these officials' failure to act either on his complaint or on the fact of Herbert's fraudulent representations made Herbert a de facto state agent. Reading plaintiff's papers liberally, it appears that he is claiming that if Herbert is thus viewed as a state actor, Writsel's joint endeavors with him to harass plaintiff are actionable under § 1983.

■■■ Quite apart from the fact that the outlined proffer is unsupported by admissible evidence, the court notes that Torgerson points to no involvement by Herbert in the Police Department's independent decision to arrest and the District Attorney's decision to prosecute Torgerson based on Writsel's complaint. Since the constitutional violation at issue is false arrest and malicious prosecution in 1994, not some general claim of neighborhood harassment, plaintiff must be able to adduce evidence that defendant was jointly engaged with state actors who carried out these specific acts. He cannot do so simply by claiming that Herbert falsely claimed state authority in unrelated circumstances.

Torgerson next suggests that Writsel should be viewed as acting under color of state law because his purpose in having

plaintiff arrested and prosecuted was to prevent plaintiff from disclosing that Herbert was not a retired police officer. Once again, assuming this theory could be supported by admissible evidence, it does not demonstrate a joint corrupt agreement between Writsel and the police and prosecutors who actually authorized plaintiff's arrest and prosecution. *See Dahlberg v. Becker*, 748 F.2d at 92–93 (charge that wife filed false affidavit to secure husband's arrest does not establish a common scheme with state judges and sheriff to violate husband's constitutional rights where no evidence shows that state officials were aware of problem with affidavit).

Torgerson submits that Writsel was emboldened to seek his false arrest in July 1994 by the prosecution's misconduct in withholding a witness statement in an April 1994 case in which plaintiff was acquitted on charges of assaulting Writsel. Torgerson fails to allege, much less offer proof that Writsel had anything to do with the prosecutor's purported omission in April 1994. In any event, this court has dismissed so much of plaintiff's complaint as related to these earlier events and declines to resurrect them now in a new guise, particularly since Torgerson has not demonstrated any plausible causal link between the purported nondisclosure and Writsel's actions in urging his arrest and prosecution in July 1994.

In a final attempt to avoid summary judgment, Torgerson asserts that the police officer who arrested him in July 1994 falsely told him that he was a suspect in a credit card fraud investigation. Assuming a jury were to credit this account, absent some evidence that linked Writsel and the officer, there is no basis for assuming a conspiratorial agreement between them falsely to arrest plaintiff. *Cf. Levy v. Alfano*, 47 F.Supp.2d 488, 491 (S.D.N.Y.1999) (private citizen who complains about neighbor to public officials generally cannot be held liable under § 1983 for official's later misconduct).

In sum, whether the allegations and evidence in Torgerson's submission are examined piecemeal or collectively, they are insufficient to support a jury finding that Writsel acted jointly or conspired with any state official in a common scheme to violate plaintiff's Fourth Amendment and due process rights in July 1994. Absent such a finding, plaintiff cannot meet his burden of showing a violation of rights under color of state law. Accordingly, summary judgment is entered in favor of defendant Michael Writsel

### Conclusion

Because plaintiff has failed to adduce evidence sufficient to meet his burden of proof on the element of his § 1983 claim requiring a showing that defendant acted under color of state law, the court hereby enters summary judgment in favor of defendant Michael Writsel. The Clerk of the Court is to enter this judgment and mark the case closed.

*SO ORDERED.*