Amanda **EDMOND**, Plaintiff–Appellant,

v.

**HARTFORD INSURANCE CO., Casualty Insurance Replacement Co., Concentric Systems, Inc., Interscience Inc., Defendants–Appellees.**

No. 01–7511.

United States Court of Appeals, Second Circuit.

Nov. 14, 2001.

Amanda Edmond, Brewton, AL, pro se.

Jeffrey Gostyla, Esq., Daniel P. Scapellati, Esq.; John W. Lemega, Esq. and Stephen H. Broer, Esq., on the brief, Halloran & Sage, LLP, Hartford, CT, for appellee Hartford.

Lois A. Frankforter, Esq., Hamden, CT; Oliver W. Williams, Esq., New York, NY, on the brief, for appellee Concentric.

James Sicilian, Esq.; Pamela E. Woodside, on the brief, Day, Berry & Howard, LLP, Hartford, CT; Robert Vaughan and Yoniece Dixon, Butler Burnette & Pappas, Tampa FL, on the brief, for appellee Interscience.

Present WALKER, Chief Judge, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED IN PART, VACATED IN PART and REMANDED.

Plaintiff–Appellant Amanda Edmond (plaintiff or "Edmond") appeals the March 23, 2001 judgment of the district court dismissing her complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

In August 1998, plaintiff filed a *pro se* complaint against Hartford Insurance Company ("Hartford"), Casualty Insurance Replacement ("Casualty"), Concentric Systems, Inc. ("Concentric"), and Interscience, Inc. ("Interscience"), setting forth a number of allegations arising out of defendant Hartford's refusal to honor claims under plaintiff's homeowner insurance policy and other actions taken by defendants with respect to the damage alleged to have been caused to plaintiff's home by severe

storms in March 1998. On May 21, 1999, the district court granted defendant Hartford's motion for a more definite statement and ordered plaintiff to file an amended complaint. In the amended complaint, Edmond reiterated many of the facts alleged in her previous complaint and she specifically averred that (1) Hartford unconstitutionally discriminated against her on the basis of race, color, and gender in violation of rights enforceable under 42 U.S.C. § 1983; (2) all defendants conspired to deprive her of equal protection of the laws in violation of 42 U.S.C. § 1985(3); (3) Hartford intentionally inflicted emotional distress on her; and (4) Hartford defamed her by characterizing her home as "high risk." On March 23, 2001, the district court granted the motions to dismiss the amended complaint filed by defendants Hartford, Concentric and Interscience.[1] This appeal followed.

This court reviews *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6). *See Kalnit v. Eichler*, 264 F.3d 131, 137–38 (2d Cir.2001). Dismissal is not warranted unless "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In evaluating *pro se* submissions, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000) (internal quotation marks omitted).

■ We affirm the district court's dismissal of plaintiff's claims brought under 42 U.S.C. §§ 1983 and 1985(3). To state a

claim under § 1983 against private parties, the plaintiff must demonstrate that the party acted in concert with public officials. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271 (2d Cir.1999). Similarly, a claim under § 1985(3) for conspiracy to deny equal protection in violation of the Fourteenth Amendment is not actionable in the absence of state action. *See United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 831–32, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). In addition, for substantially the reasons stated by the district court, we affirm the dismissal of plaintiff's claims of intentional infliction of emotional distress and defamation.

■ However, we vacate the district court's dismissal of the case with respect to defendant Hartford and remand the case for consideration of whether plaintiff has stated a viable claim for breach of contract. Even though plaintiff did not specifically enumerate breach of contract as a count in her amended complaint, taking plaintiff's allegations as true, as required on a motion to dismiss, we find that she sets forth facts that might establish a contract breach. Specifically, in the amended complaint, plaintiff alleges, *inter alia*, that Hartford (1) refused to honor her claims related to storm damage, Amended Complaint ¶ 3; (2) canceled her insurance policy "because of being a few hours late" with her payment, *id.* ¶ 5; (3) refused to accept premium payments by credit card despite accepting them previously, *id.* ¶¶ 5, 6; and (4) refused to do any "outside mandatory repair" to the roof of plaintiff's home to prevent further damage,

1. One defendant, Casualty Insurance Replacement Company, has never been properly served and has not appeared in this action. In its March 23, 2001 ruling, the district court wrote that the matter would be dismissed against Casualty if proof of service was not filed within thirty days from the date of that order. Thus far, Casualty does not appear to have been served. We have jurisdiction over this appeal as the district court's March 23, 2001 order disposed of all issues in the case with respect to those defendants who have been served. *See Leonhard v. United States*, 633 F.2d 599, 608–09 (2d Cir.1980).

**54**

*id.* ¶ 20. In addition, plaintiff refers to two letters that may support a breach of. contract claim: a letter dated February 10, 1998, in which Hartford rejected her claim on the basis that the damage caused to her home was due to improper construction; and a letter in which, plaintiff claims, the Federal Emergency Management Agency ("FEMA") stated that the damage to her home should be covered by her insurance policy.[2]

The district court is directed to determine whether plaintiff is able to state a claim for breach of contract based upon the allegations she has set forth in her pleadings as well as her oral representations to this court. At oral argument, plaintiff represented that her house was badly damaged in a severe storm in March 1998 and that it has never been repaired. She also stated that the cost of the necessary repairs was estimated at approximately $10,000 a few years ago, but due to damage to the roof, her home has suffered additional water damage, including, but not necessarily limited to, warped flooring, and damage to the carpets and interior. She also made representations that the parties are from different states, thus apparently satisfying the complete diversity requirement.

If the district court determines that plaintiff is able to state a viable claim for breach of contract, the parties are diverse, and the amount in controversy is in excess of $75,000, the district court is directed to permit an appropriate amendment of the complaint to state such a claim and to allege diversity jurisdiction under 28 U.S.C. § 1332.

For the foregoing reasons, the judgment of said district court be and it hereby is AFFIRMED IN PART and VACATED IN PART and the case is REMANDED

for consideration of plaintiff's breach of contract claim against defendant Hartford.

---

**2.** At oral argument, plaintiff acknowledged that the letter from *FEMA* was not presented to the district court; it has also not been submitted to this court.