**Chris SWEENEY, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, The New York City Police Department, et al., Defendants–Appellees.**

**No. 05–3726.**

United States Court of Appeals, Second Circuit.

June 19, 2006.

Chris Sweeney, pro se, Staten, Island, New York, for Appellant.

Janet L. Zaleon, Corporation Counsel of the City of New York (Michael A. Cardozo, Kristen M. Helmers, of Counsel) New York, New York, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit

Judges, Hon. J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Chris Sweeney appeals from a March 17, 2005 judgement of the district court adopting the decision of a magistrate judge (Ronald L. Ellis, *Magistrate Judge*) recommending that the court grant the defendants-appellees' motion to dismiss. Sweeney argues that his discharge from the New York City Police Department violated his constitutional rights. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

This Court reviews *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), with all inferences drawn in favor of the nonmoving party. *Moore v. Paine-Webber, Inc.*, 189 F.3d 165, 169 (2d Cir. 1999).

"Section 1983 imposes civil liability upon a party who 'under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....' " *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271 (2d Cir.1999) (quoting 42 U.S.C. § 1983).

■ Sweeney filed his initial complaint on June 18, 2003. His claims accruing prior to June 18, 2000 are therefore time-barred. However, because Sweeney did not learn of the harm allegedly caused by the 1999 incidents until he was forced to retire in 2003, his section 1983 claim based on his forced retirement should not have been dismissed as untimely. *See Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir.2004) (a claim accrues when plaintiff knows or has reason to know of the harm). Nevertheless, because Sweeney failed to allege sufficient facts to support his claim that any of his constitutional rights had been violated, the district court properly dismissed his action for failing to state a claim.

■ "[P]rocedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir.2001). Here, Sweeney does not deny he was afforded an opportunity to be heard and even acknowledges in the affidavit attached to his complaint that he was "permitted to testify for a few brief minutes before that Medical Board in defense of [his] position and abilities." Am. Compl. Sweeney Aff. ¶ 6. Sweeney's testimony was therefore sufficient to "check against a mistake being made by ensuring there [we]re reasonable grounds to find the charges against [him][we]re true and would support his termination." *Id.* at 173–74.

■ "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir.1994). Sweeney does not allege facts sufficient to support his claim that the defendants-appellees conspired to force him to retire by falsifying the contents of his psychological evaluation. Even if Sweeney's claim that the psychologists failed to acknowledge his past duties is true, he has failed to plead

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

adequately that such failure was intentional. The district court therefore properly dismissed his substantive due process claim.

■ "It is an established principle of constitutional law that the Equal Protection Clause protects against class or group-based invidious discrimination." *Muller v. Costello,* 187 F.3d 298, 309 (2d Cir.1999). Because Sweeney's amended complaint did not allege any such discrimination, dismissal of his equal protection claim was appropriate.

We have considered Sweeney's other arguments and concluded they are without merit. For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.