13-619-cv
John Betts v. Martha Anne Shearman, et al.

In the

United States Court of Appeals

For the Second Circuit

————

AUGUST TERM, 2013

ARGUED: SEPTEMBER 19, 2013
DECIDED: MAY 2, 2014

No. 13-619-cv

JOHN BETTS,
*Plaintiff-Appellant,*

*v.*

MARTHA ANNE SHEARMAN, CITY OF NEW YORK, POLICE OFFICER
PABLO RODRIGUEZ,
*Defendants-Appellees,*

POLICE OFFICER JANE DOE,
*Defendant.*

————

Before: WINTER, WALKER, WESLEY, *Circuit Judges*.

————

Plaintiff John Betts filed this suit seeking damages under 42

U.S.C. § 1983 arising from his arrest based on allegedly false

accusations made by a complaining victim. The United States

13-619-cv
John Betts v. Martha Anne Shearman, et al.

District Court for the Southern District of New York (J. Paul Oetken, *District Judge*) granted defendants' motions to dismiss the complaint.

We hold, first, that because arguable probable cause existed to arrest Betts, his claims for false arrest, false imprisonment, abuse of process, and malicious prosecution were properly dismissed. Second, we hold that Betts's claim for denial of his right to a fair trial was properly dismissed because he failed to meet the required pleading standards. Finally, we hold that Betts's claims against defendant-complainant Martha Anne Shearman were properly dismissed because she did not act under the color of state law. Accordingly, we **AFFIRM** the judgment of the district court.

> MICHAEL H. JOSEPH, Law Office of Michael H. Joeseph, P.L.L.C., White Plains, NY, *for Plaintiff Appellant*.
>
> MICHAEL J. PASTOR, (Kristen M. Helmers, *on the brief*), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees City of New York and Police Officer Pablo Rodriguez*.
>
> CHARLES E. DORKEY, III, McKenna Long & Aldridge LLP, New York, NY (Rebecca Tingey, *on*

2

13-619-cv
John Betts v. Martha Anne Shearman, et al.

the brief), *for Defendant-Appellee Martha Anne Shearman*.

————

JOHN M. WALKER, JR., *Circuit Judge*:

In this appeal we consider whether the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*) erred in granting defendants' motions to dismiss the complaint in this 42 U.S.C. § 1983 action in which the plaintiff seeks damages arising from his arrest based on allegedly false accusations made by a complaining victim.

We hold, first, that because arguable probable cause existed to arrest Betts, his claims for false arrest, false imprisonment, abuse of process, and malicious prosecution were properly dismissed. Second, we hold that Betts's claim for denial of his right to a fair trial was properly dismissed because he failed to meet the required pleading standards. Finally, we hold that Betts's claims against defendant-complainant Martha Anne Shearman were properly

dismissed because she did not act under the color of state law. Accordingly, we **AFFIRM** the judgment of the district court.

## BACKGROUND

Because this appeal arises from the district court's dismissal on the pleadings pursuant to Rule 12(b)(6), we accept as true the following allegations set forth in Betts's complaint. *See Doe v. City of New York*, 15 F.3d 264, 266 (2d Cir. 1994).

On January 20, 2011 at approximately 11:30 p.m., while Shearman was under the influence of alcohol and other controlled substances, she became verbally combative towards her then husband Betts. To avoid her, Betts locked himself in a spare bedroom. Shearman tried to force her way in and threatened Betts that if he did not let her in, she would call the police. Shearman then called the police and falsely accused Betts of assaulting her.

At approximately 1:00 a.m., Police Officers Rodriguez and Doe responded to the call. In their presence, Shearman accused Betts of assault, harassment, and of slamming her arm against the ground,

4

causing her substantial pain. The officers forcibly entered the spare bedroom where Betts was sleeping and arrested him.

Betts alleges that the officers then assisted Shearman in making a false accusation and coached her in fabricating a version of the events to justify the arrest. Betts also alleges there were reasons for the officers to doubt Shearman's credibility: Shearman was obviously intoxicated, high, and appeared strung out; she had made false accusations against Betts in the past; and there was a lack of physical evidence to support an assault charge.

The officers charged Betts under New York law with assault in the third degree, harassment in the second degree and resisting arrest. Eventually the state court dismissed these charges with prejudice.

In April 2012, Betts filed a complaint in the district court against Shearman, Officers Rodriguez and Doe, and the City of New York. Betts brought claims against Officers Rodriguez and Doe for constitutional violations under 42 U.S.C. § 1983 and state law

violations for false arrest, malicious prosecution, abuse of process, prima facie tort, and intentional infliction of emotional distress. His claimed constitutional violations against Shearman alleged that she was a "state actor" for purposes of § 1983. Betts also brought a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), against the City of New York for allegedly having a "custom, policy, and practice" that permitted the constitutional violations.

On January 24, 2013, the district court granted the defendants' motions to dismiss. *Betts v. Shearman*, No. 12-cv-3195(JPO), 2013 WL 311124 (S.D.N.Y. Jan. 24, 2013). The district court held that Officers Rodriguez and Doe were entitled to qualified immunity on Betts's claims for false arrest, false imprisonment, and malicious prosecution because the officers had "arguable probable cause" to arrest Betts. *Id*. at *9-10, *12. The district court also dismissed Betts's claim for excessive force on the basis that he failed to meet the required pleading standards by alleging nothing more than that his shoulder was somehow injured during the arrest. *Id.* at *10-11. The

district court dismissed the abuse of process claim for failing to plead a "nefarious aim" behind his prosecution, *id*. at *12, and the fair trial claim on the basis that the allegations were implausible, *id.* at *13. The district court dismissed Betts's § 1983 claims against Shearman because she was not a state actor and the pleadings were insufficient to establish that Shearman conspired with the officers or participated willfully in joint activity with them. *Id.* at *13-14. And finally, the district court dismissed Betts's claim against the City of New York because Betts's allegations that the officers acted in accordance with a City custom, policy, or practice were conclusory. *Id*. at *16.

The district court dismissed all of the federal claims with prejudice except Betts's excessive force claim against Officer Rodriguez, which was dismissed without prejudice. *Id*. The district court declined to exercise supplemental jurisdiction over Betts's state law claims. *Id*.

7

13-619-cv
John Betts v. Martha Anne Shearman, et al.

## DISCUSSION

Betts does not appeal the dismissal of his excessive force claim, his claim against the City of New York, or his claims against Officer Doe. Rather, Betts urges this court to reverse the dismissal of the other claims. We hold that the district court neither erred in granting defendants' motions to dismiss nor abused its discretion in denying Betts leave to replead.

## I.    Dismissal of Betts's Claims

We review a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) *de novo* and, in doing so, we "view the pleadings in the light most favorable to, and draw all reasonable inference in favor of, the non-moving party." *Doe*, 15 F.3d at 266 (internal quotation marks omitted).

### A.    False Arrest, False Imprisonment, and Malicious Prosecution

Probable cause is a complete defense to a constitutional claim of false arrest, *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995), and false imprisonment, *Zanghi v. Vill. of Old Brookville*, 752

8

F.2d 42, 45 (2d Cir. 1985). And continuing probable cause is a complete defense to a constitutional claim of malicious prosecution. *Kinzer v. Jackson*, 316 F.3d 139, 143-44 (2d Cir. 2003) (stating that probable cause is a defense to a claim of malicious prosecution if it is not later nullified by information establishing the defendant's innocence). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (internal quotation marks and alterations omitted).

More specifically, probable cause exists if a law enforcement officer "received [] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity. The reliability or veracity of the informant and the basis for the informant's knowledge are two

13-619-cv
John Betts v. Martha Anne Shearman, et al.

important factors." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citations omitted).

Even in the absence of probable cause, a police officer is entitled to qualified immunity where "(1) [her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for [her] to believe that [her] actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (internal quotation marks and citations omitted). Plaintiff's false arrest, false imprisonment, and malicious prosecution claims therefore turn on whether the defendant officers' probable cause determination was objectively reasonable—that is, whether there was "arguable" probable cause to arrest. *Id*. For the following reasons, we agree with the district court that the arresting officers had arguable probable cause and were entitled to qualified immunity.

As Betts alleged in his complaint, Shearman called the police and reported that Betts had, among other things, assaulted her. Betts also alleged that once the officers arrived at the apartment, Shearman again accused Betts of assault and harassment, although it is unclear from the complaint whether Shearman made this allegation before or after allegedly being "coached" by the officers to lie.

In any event, Officers Rodriguez and Doe responded to a domestic disturbance based on Shearman's report over the phone that she had been assaulted and found Betts locked in a bedroom. Betts alleged, and now argues, that the officers had reason to doubt Shearman's credibility because she was visibly intoxicated and had made false accusations against Betts in the past, and because there was a lack of physical evidence to support an assault charge.

Shearman's past false accusations, however, do not undermine a finding of arguable probable cause because Betts nowhere alleged that the officers knew of the prior accusations on

11

the night Betts was arrested. *See Panetta*, 460 F.3d at 395. "When determining whether probable cause exists courts must consider those facts *available to the officer* at the time of the arrest and immediately before it . . . ." *Id*. (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). Likewise, the lack of physical evidence of an assault on Shearman's body is not fatal to finding arguable probable cause when Shearman had reported that she had been assaulted. *See Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989) (A police officer's purpose "is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.").

Additionally, Betts alleges that Shearman was "obviously intoxicated and high, in that she appeared to be strung out," but fails to allege any facts regarding how Officers Rodriguez and Doe would have known this at the time Shearman made accusations against Betts. Even assuming that the officers were aware that Sherman was intoxicated, absent other indicia raising concerns of

12

reliability, the officers were not unreasonable in surmising that an offense had been committed by Betts. And Betts's allegations that Shearman was coached by the officers into making false allegations are, as discussed below, implausible.

In sum, the arresting officers had arguable probable cause to arrest Betts because they were entitled to believe Shearman's accusation of assault absent credible reasons not to. Given the facts available to the officers, it was "objectively reasonable for the officer[s] to believe that probable cause existed." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991).

## B. Right to a Fair Trial

Betts argues that the district court erred in dismissing his fair trial claim on the basis that his allegations were insufficient to support it. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is

redressable in an action for damages under 42 U.S.C. § 1983."

*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

We agree with the district court that Betts's complaint failed to plausibly plead this claim as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Factual allegations must "state a claim for relief that is plausible on its face," which requires pleading facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), 679.

Betts alleges that Officers Rodriguez and Doe, upon arriving at the apartment he shared with Shearman, "assisted Shearman in making a false allegation and . . . coached her in fabricating a contrived version of the events to justify a baseless and false arrest." Betts, however, also alleges that Shearman initially phoned the police and made the same "false" accusations that, among other things, Betts assaulted her. The original accusation without the possibility of any police complicity was sufficient to sustain the

14

arrest, thereby undermining the claim that it was the police whose false accusation denied Betts a fair trial. Moreover, it is not plausible that, without more, a complaining witness who had originally conceived of false accusations on her own accord also required "coaching" in making substantially the same accusations again. Betts's claim that his right to a fair trial was violated was thus properly dismissed by the district court.

### C.    State Action by Shearman

Betts alleges in his complaint, and now argues on appeal, that Shearman engaged in joint action with Officers Rodriguez and Doe to violate Betts's civil rights such that Shearman acted under color of law.[1] Specifically, he argues that Shearman became a state actor by "knowingly making false allegations and jointly acting with the

---

[1] Betts also alleged that Shearman conspired with the officers to violate his constitutional rights. A Section 1983 conspiracy claim is distinct from one of joint action. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). We conclude that the district court correctly held that Betts failed to sufficiently plead a conspiracy, both because the pleading was conclusory, and because, as described above in Section I.B, his allegations that the police coached Shearman were implausible. *See Betts*, 2013 WL 311124 at *14.

police defendants to fabricate a contrived version of the facts . . . for the purpose of having [Betts] baselessly arrested." We disagree.

Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting "under the color of" state law. *Ciambriello*, 292 F.3d at 323. We have said that a claim against a private entity must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). "Put differently, a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

A private actor can only be "a willful participant in joint activity with the State or its agents" if the two share some common goal to violate the plaintiff's rights. *See, e.g., Cunningham v. Southlake Center for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) ("A charge of joint action amounts to alleging some agreement between

private and public actors to violate plaintiff's constitutional rights. A requirement of the joint action charge therefore is that both public and private actors share a common, unconstitutional goal." (internal citations omitted)); *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999).

In *Ginsberg*, plaintiff Ginsberg, upon returning a truck rented from defendant Healey Leasing, got into a verbal altercation with a manager at Healey Leasing over whether, as Ginsberg insisted, the two had agreed that Ginsberg's automobile insurer would pay the rental fee. *Id*. at 270. After Ginsberg left, the Healey Leasing manager called the police and reported the payment dispute and altercation. *Id*. The police arrived and threatened to arrest Ginsburg for larceny or breach of peace if he did not pay the rental fee to Healey Leasing. *Id*. Ginsberg paid the fee and later sued Healey Leasing and the police under Section 1983 alleging that he was deprived of property without due process and that Healey Leasing, acting under color of state law, was complicit in the deprivation. *Id.*

On appeal, we affirmed the district court's grant of summary judgment to Healey Leasing. We held that Healey Leasing's requesting police assistance and providing information that led to police action did not make Healey Leasing a joint participant in state action. *Id*. at 272. "Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct so as to render it a state actor under Section 1983." *Id*. In *Ginsberg*, state action could not be inferred because, absent "evidence that [the officer] undertook to resolve the dispute pursuant to any agreement or plan with Healey," *id*., it could not be shown that Healey and the officer shared a common goal of violating Ginsberg's rights.

The operation of this principle is illustrated by two district court decisions that found state action complicity by a private party. In *Bang v. Utopia Restaurant*, the district court held that state action by a restaurant owner was adequately pleaded when, absent

18

probable cause, the police arrested the plaintiffs after speaking to the restaurant owner for twenty minutes. 923 F. Supp. 46, 49 (S.D.N.Y. 1996). The *Bang* court stated that "it would be reasonable to infer that during the conversation, [the restaurant owner] urged the officers to arrest both plaintiffs, without probable cause, in furtherance of what became the shared goal of depriving plaintiffs of federally guaranteed rights." *Id*. The court pointed out, however, that had the officers arrested plaintiffs immediately upon arriving on the scene based on information of illegality given over the phone, "it would be difficult to infer joint action because . . . it would not appear that the officers shared the unlawful goal of [the restaurant owner]." *Id*. at 50.

Similarly, in *White v. Moylan*, the district court found that the plaintiff properly pleaded state action by two private security guards who substituted in plaintiff's bag unpurchased store merchandise for goods already purchased, resulting in plaintiff's arrest for shoplifting. 554 F. Supp. 2d 263, 267 (D. Conn. 2008). The

19

plaintiff alleged that the security guards and arresting officer reviewed surveillance footage, discovered that the plaintiff's merchandise was not, in fact, stolen, and worked in tandem to "fabricate[] a reason to arrest [plaintiff] for shoplifting." *Id*. at 265, 267. Plaintiff's complaint thus alleged that the police officer did more than simply arrest plaintiff based on information from the security guards. *Id*. at 267. By jointly working to fabricate evidence of a crime, the private actors and the police officer shared the common goal of violating the plaintiff's constitutional rights.

Here, Betts alleges that Officers Rodriguez and Doe "assisted Sherman in making a false allegation and . . . coached her in fabricating a contrived version of the events to justify a baseless and false arrest." As explained above in Section I.B, however, Betts's allegation that Shearman was coached by the Officers into making false accusations is not plausible given that Shearman first called the police and reported that she was assaulted prior to her interaction with the officers.

Betts's claim against Shearman as a state actor boils down to the fact that he was arrested upon the false accusation of assault made against him by a private citizen to the police. This is insufficient to state a plausible claim that Shearman and the arresting officers shared a common goal of violating Betts's rights. The district court properly granted defendant Shearman's motion to dismiss.

## II.    Leave to Replead

We review a district court's denial of leave to replead for abuse of discretion. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). Here, the district court did not abuse its discretion because any amendment to the complaint on the claims discussed herein would be futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

No changes to the complaint would undermine the existence of arguable probable cause for Officers Rodriguez and Doe to arrest Betts. Additionally, Betts has identified no facts that, if alleged,

21

would bolster his allegations that the officers coached Shearman to make false accusations. Likewise, Betts has identified no facts that would sufficiently allege that Shearman should be treated as a state actor for purposes of 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons, the district court's order is AFFIRMED.