24-3147-cv
*Dickerson v. BPP PCV Owners LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

GLORIA D. DICKERSON,

> *Plaintiff-Appellant*,

v.                                                                    24-3147-cv

BPP PCV OWNERS LLC,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | GLORIA D. DICKERSON, *pro se*, New York, New York |
| For Defendant-Appellee: | MICHAEL POREDA, Lydecker, Melville, New York |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gloria D. Dickerson, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York, entered on November 7, 2024, which (a) dismissed the federal claims asserted in her Second Amended Complaint ("SAC") with prejudice, and (b) declined to exercise supplemental jurisdiction over her state or local law claims, hence dismissing such state or local claims without prejudice, *see, e.g.*, *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119, 124 (2d Cir. 2006) (vacating a with-prejudice dismissal of state-law claims over which the "district court should have declined [supplemental] jurisdiction," and "remand[ing] . . . with instructions to dismiss those claims without prejudice").

Dickerson is a resident of Peter Cooper Village in Manhattan. On November 2, 2020, a building safety officer accused Dickerson of taking a jewelry box that another resident had accidentally left in a cabinet in the building's trash. The safety officer came to Dickerson's residence and claimed that she was shown in footage from security cameras removing the cabinet from the trash. When Dickerson, a then-72-year-old Black woman, denied this allegation, the safety officer yelled at her to return the box. The safety officer subsequently called the police, who came to the scene and spoke with the parties, but did not arrest or charge Dickerson. She later learned that her neighbor's caregiver was the one who removed the cabinet from the trash room.

Dickerson initiated the present action against Defendant-Appellant BPP PCV Owners LLC ("BPP"), the owner of Peter Cooper Village, on November 2, 2021, alleging violations of her constitutional and civil rights. She claimed that she had been discriminated against on the basis of

2

her race, among other characteristics, and pointed to the history of racial discrimination against prospective Black tenants at BPP residences as evidence. The district court dismissed without prejudice Dickerson's initial complaint on September 28, 2022, concluding that she had failed to state claims under 42 U.S.C. § 1983, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Right Law ("NYSHRL"), New York Executive Law, Article 15, Sections 290–301, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the New York City Administrative Code. *Dickerson v. BPP PCV Owners LLC*, No. 21-CV-9003 (RA), 2022 WL 4538281 (S.D.N.Y. Sept. 28, 2022). Dickerson subsequently filed a document, deemed a first amended complaint, that did not purport to assert claims under § 1983 or the ADA, and that was dismissed for failure to state a claim, again without prejudice. *See Dickerson v. BPP PCV Owners LLC*, No. 21-CV-9003 (LTS), 2024 WL 1348497 (S.D.N.Y. Mar. 28, 2024). Finally, Dickerson filed the SAC, which also did not mention § 1983 or the ADA, and stated that "Plaintiff brings the following claims to the Court as violations under the Fair Housing Act of 1968, the New York City Human Rights Law, and the New York State Human Rights Law." SAC at 9. The district court reasonably viewed the SAC as asserting only housing discrimination claims under the FHA and under state and local law; and it stated that it was "dismiss[ing] the [SAC] in its entirety," and "dismiss[ing] Plaintiff's federal claims with prejudice." App'x at 82; *see id.* at 86. The court further stated that "[h]aving dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any housing discrimination claims that Plaintiff may be asserting under [state or local laws]." *Id.* at 86; *see id.* at 88. This appeal followed. We assume the parties' familiarity with the case.

"[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6),

construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025).[1] Because Dickerson "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).[2]

To start, the district court properly dismissed the § 1983 claim Dickerson had sought to assert in her original complaint. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). "For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 187 (2d Cir. 2005). Here, Dickerson alleged a constitutional violation by a private entity, BPP, and her pleading did not suggest a "close nexus" between this entity's purportedly discriminatory conduct and any state action. The fact that BPP's safety officer called the NYPD to investigate the situation did not convert his conduct into state action. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999). Accordingly, Dickerson's § 1983 claim failed.

Similarly, Dickerson has not pled a valid claim for housing discrimination under the FHA. The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of . . . rental of a dwelling . . . because of race," 42 U.S.C. § 3604(b), or "to coerce,

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[2] Dickerson's brief argues primarily that she was the victim of "elder abuse" at the hands of BPP. However, none of her pleadings in the district court asserted a claim for elder abuse. Accordingly, we focus our analysis on the claims sounding in racial discrimination that she asserted before the district court.

intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by" § 3604(b), *id.* § 3617. Assuming without deciding that an FHA claim could be premised on the sort of post-acquisition conduct alleged here, *see Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 n.50 (2d Cir. 2021) (*en banc*) (reserving decision on the extent to which the FHA covers such conduct), Dickerson's FHA discrimination claim would still fail because the SAC does not properly plead that she was subject to intentional discrimination, *id.* The allegations in the SAC, taken together, suggest only that the security guard's accusation against Dickerson was based upon her resemblance to the person depicted in the security camera footage, not on racial animus.

Further, Dickerson also has not properly pled an FHA retaliation claim. "[A] plaintiff alleging retaliation under [the FHA] must show that a defendant took adverse action against the plaintiff, and a causal connection exists between the protected activity and the adverse action . . . ." *Gilead Comm. Servs., Inc. v. Town of Cromwell*, 112 F.4th 93, 99 (2d Cir. 2024). In opposing the motion to dismiss her initial complaint, Dickerson asserted that BPP retaliated against her due to her prior complaints about aggressive, discriminatory behavior on the part of BPP's public safety officers. But the SAC contains no allegations about Dickerson's prior complaints, much less any allegations that the November 2020 incident was prompted by such complaints. Absent such allegations, Dickerson's FHA retaliation claim must fail.

In addition, the district court properly ruled that Dickerson's original complaint had failed to state a claim for discrimination under the ADA. To establish a *prima facie* ADA discrimination claim, a plaintiff must demonstrate that: (1) she is a "qualified individual" with a disability; (2) the defendants are subject to the ADA; and (3) she was "denied the opportunity to participate in or benefit from defendants' services, . . . or was otherwise discriminated against by defendants" due

to her disability.  *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015).  The original complaint lacked any allegations concerning these elements.  It thus failed to state an ADA claim.

Finally, because Dickerson failed to properly allege any claim under federal law, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over her remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3).

We have considered Dickerson's remaining arguments and find them unpersuasive.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk