16-48-cv
*Jurkowitsch v. Choudhury*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges*,

_____

HELMUT JURKOWITSCH,

> *Plaintiff-Appellee*,

> v.                                           16-48-cv

P.O. MOHAMMED CHOUDHURY, individually and in his official capacity,

> *Defendant-Appellant*,

CITY OF NEW YORK, JOHN DOES #1–10, individually and in their official capacity of the New York City Police Department, CAPITAL ONE FINANCIAL CORPORATION, MARK QUAIES, a Capital One Financial Corporation employee, JOHN DOES #11–20, in their individual capacities and as employees of Capital One Financial Corporation,

> *Defendants.*

_____

For Plaintiff-Appellee:                  MEGAN RHA, Rha & Kim, LLP, Bayside, New York

For Defendant-Appellant:     EMMA GRUNBERG (Richard Dearing, Devin Slack, *on the brief*), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant New York City Police Department Officer Mohammed Choudhury appeals from a December 9, 2015 order of the United States District Court for the Eastern District of New York (Chen, *J.*) denying a motion to dismiss Plaintiff-Appellee Helmut Jurkowitsch's 42 U.S.C. § 1983 claim against him. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As this appeal arises from a district court's denial of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we accept as true the allegations set forth in Jurkowitsch's complaint. *See Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014). This § 1983 action arises from the January 3, 2014 arrest of Jurkowitsch. At around 9:40 a.m. that Friday morning, Jurkowitsch entered the branch office of the bank where he has deposited his paycheck weekly for the past six years. The branch's exterior and interior doors were unlocked, the lights were on in the lobby, customers were using the ATM, and there were employees present in the branch. Upon entering, Jurkowitsch sat down in the bank's lobby to await assistance with depositing his check. After he had been waiting in the lobby for a brief period, six officers from the New York City Police Department arrived and, without asking Jurkowitsch to leave the bank and without asking him any questions at all, arrested him. Officer Choudhury and the other police officers took Jurkowitsch into custody, and after being held for several hours, he was eventually charged with Criminal Trespass in the Third Degree, N.Y. Penal Law § 140.10(a). The charge was later dismissed.

2

In November 2014, Jurkowitsch filed a lawsuit against, in relevant part, Officer Choudhury, the arresting officer. His complaint asserts, *inter alia*, a claim pursuant to 42 U.S.C. § 1983. He alleges the individual law enforcement officers falsely arrested him in violation of the Fourth Amendment. As relevant here, the district court denied the motion to dismiss the § 1983 claim against Officer Choudhury on the ground that at this stage of the proceedings, accepting as true all the factual allegations in the complaint, the complaint does not on its face establish that Officer Choudhury had probable cause to arrest Jurkowitsch or, alternatively, that Officer Choudhury was entitled to qualified immunity.

We have jurisdiction over this appeal from the district court's denial of a motion to dismiss on qualified immunity grounds because such a denial, so long as it turns on an issue of law, qualifies as a final reviewable order. *Garcia v. Does*, 779 F.3d 84, 91 (2d Cir. 2014). We review *de novo*, accepting all allegations in the complaint as true and drawing all inferences in the plaintiff's favor. *Id.*

Officer Choudhury contends that based on the factual allegations in the complaint he had at least arguable probable cause to arrest Jurkowitsch. Probable cause—a complete defense to an action for false arrest—exists where a law enforcement officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (alteration in original) (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)). This "inquiry is an objective one that focuses on the facts available to the arresting officer at the time of the arrest." *Finigan v. Marshall*, 574 F.3d 57, 61–62 (2d Cir. 2009). Generally, a law enforcement officer who receives a report that someone has committed an offense has probable cause to arrest that person—unless the

3

circumstances give rise to doubt about the reporter's veracity. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). To establish entitlement to qualified immunity, an officer need only establish "arguable probable cause," which exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Garcia*, 779 F.3d at 92 (quoting *Zaleski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013)).

We agree with the district court: the facts alleged in the complaint are not sufficient to establish that Officer Choudhury had probable cause or arguable probable cause to arrest Jurkowitsch. Officer Choudhury primarily relies on the complaint's allegation that Capital One's report of a crime at the bank led to Jurkowitsch's arrest. The complaint, however, alleges only that a Capital One employee called 911 several minutes after Jurkowitsch sat down in the bank to wait for help depositing his paycheck, and that the officers acted based upon Capital One's false report of a trespass and possible burglary. The complaint lacks any description of the 911 caller's statements or of circumstances that might have indicated the caller's veracity or basis for knowledge. *Cf. Panetta*, 460 F.3d at 395. The other allegations in the complaint, moreover, suggest that upon arriving at the bank, Officer Choudhury encountered circumstances that contradicted, rather than confirmed, any 911 caller's report of a trespass or burglary. *Cf. id.* at 397; *Finigan*, 574 F.3d at 62. When all inferences are drawn in Jurkowitsch's favor—as they must be at this stage in the case—they suggest that the police officers entered an open bank branch, where the lights were on, the doors unlocked, and customers and employees present, and found a customer patiently waiting to deposit his check. Officer Choudhury's entitlement to qualified immunity is not apparent on the face of this

4

complaint, and the district court correctly declined to dismiss Jurkowitsch's § 1983 claim at this stage.

We have considered Officer Choudhury's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk