16-2425-cv
*Arroyo v. City of New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:     JOSÉ A. CABRANES,
             RICHARD C. WESLEY,
                        *Circuit Judges*,
             WILLIAM K. SESSIONS III,
                        *District Judge.*\*

---

SANTIA ARROYO,

                *Plaintiff-Appellant*,                16-2425-cv

          v.

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL A. VEGA (official and individual capacity), POLICE OFFICER WANDA PEREZ (individual capacity),

                *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**        Garry Pogil, New York, NY.

---

\* Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**            Deborah A. Brenner and Daniel Matza-
                                        Brown, of Counsel, *for* Zachary W. Carter,
                                        Corporation Counsel for the City of New
                                        York, New York, NY.

Appeal from a July 11, 2016 judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Santia Arroyo sued defendants-appellees the City of New York (the "City") and New York Police Department Officers Michael A. Vega and Wanda Perez (the "Officers") for various claims under 42 U.S.C. § 1983 and New York law. Arroyo's claims arise from her interactions with the Officers on December 20, 2011, her subsequent detention for mental health treatment, and her arrest for possession of a firearm. On July 8, 2016, the District Court granted the defendants' motion of summary judgment on all claims and denied Arroyo's motion for partial summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

"[W]e review de novo a grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Applying this standard, we affirm, substantially for the reasons stated by the District Court in its thorough decision.

### A. False Arrest

Arroyo first argues that the District Court erred by granting the Officers summary judgment on her false arrest claim. The District Court granted summary judgment on the ground that the Officers were entitled to qualified immunity. Among other things, Arroyo argues that the Officers were not entitled to qualified immunity, that they lacked probable cause to remove her from her home to Metropolitan Hospital pursuant to New York Mental Hygiene Law ("MHL") § 9.41, and that the Officers lacked probable cause to then arrest her at the hospital for criminal possession of a firearm. We disagree.

"Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a

2

crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). Even if an officer makes an arrest without probable cause, "[t]he defense of qualified immunity shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware." *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) (internal quotation marks omitted). In the context of § 1983 actions for false arrest, "an arresting officer is entitled to qualified immunity so long as arguable probable cause was present when the arrest was made." *Id.* at 100 (internal quotation marks omitted). A police officer has arguable probable cause "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013) (internal quotation marks omitted). In other words, "an arresting officer will find protection under the defense of qualified immunity unless no reasonably competent officer could have concluded, based on the facts known at the time of arrest, that probable cause existed." *Figueroa*, 825 F.3d at 100 (internal quotation marks omitted).

We agree with the District Court that the Officers are entitled to qualified immunity on Arroyo's false arrest claim because they had arguable probable cause. First, the Officers had arguable probable cause to remove Arroyo from her home pursuant to MHL § 9.41. Under MHL § 9.41, a police officer "may take into custody any person who appears to be mentally ill and is conducting . . . herself in a manner which is likely to result in serious harm to the person or others." As the District Court noted, the Officers (1) received a 911 call from an identified caller reporting possible elder abuse and stating that Arroyo was bipolar; (2) spoke with an identified source (the supervisor of Arroyo's mother's home attendant) with knowledge of Arroyo's conduct who indicated that Arroyo was threatening to her mother and kept a gun at home;[1] (3) observed Arroyo acting in an erratic and unresponsive manner; and (4) spoke to Arroyo's mother, who expressed that she was not permitted to leave her bedroom. With these facts taken together, a reasonable officer could have found that probable cause existed to remove Arroyo to a hospital under MHL § 9.41.

Second, the Officers had arguable probable cause to arrest Arroyo at the hospital for gun possession. At the time she was arrested, the Officers had heard from the supervisor of Arroyo's mother's home attendant that Arroyo kept a gun at home, and Officer Vega had discovered a gun in Arroyo's purse.[2] The fact that the gun was later suppressed does not preclude a determination that

---

[1] Arroyo contends that the police should not have relied on the information provided by the attendant's supervisor to make an arrest because she lacked personal knowledge of Arroyo's mental state. A finding of probable cause, however, "may be based on hearsay." *United States v. Walsh*, 712 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

[2] Arroyo argues that there is a disputed issue of fact as to whether Officer Vega found a gun in Arroyo's purse. For the reasons stated by the District Court, we find that there is no genuine dispute

there was arguable probable cause for the arrest. *See Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) ("Victims of unreasonable searches or seizures . . . cannot be compensated [under § 1983] for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.").

## B. Malicious Prosecution

Arroyo next contends that the District Court erred by granting summary judgment to the Officers on her § 1983 malicious prosecution claim. As with § 1983 false arrest claims, qualified immunity precludes § 1983 malicious prosecution claims where there was arguable probable cause. *See Betts v. Shearman*, 751 F.3d 78, 82–83 (2d Cir. 2014). Accordingly, for the reasons discussed above, the District Court properly held that the Officers were entitled to qualified immunity on Arroyo's malicious prosecution claim.

## C. Excessive Force

Arroyo next seeks to reinstate her § 1983 excessive force claim based on her arrest and handcuffing at Metropolitan Hospital. To prevail on an excessive force claim, a plaintiff must show that the defendants' use of force was objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). We agree with the District Court that, even assuming one of the Officers handcuffed Arroyo, there is no genuine dispute of material fact as to whether her handcuffing involved excessive force. Arroyo alleged no physical injury and never asked for the handcuffs to be removed. Accordingly, the District Court did not err by granting summary judgment to the defendants on Arroyo's excessive force claim.

## D. Municipal Liability

Arroyo also argues that the District Court erred by granting the City summary judgment on her municipal liability claims arising under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). To state a *Monell* claim for official or municipal violation of constitutional rights, a plaintiff must adequately plead an official policy or custom that resulted in the violation alleged. *See id.* at 694; *accord Littlejohn v. City of New York*, 795 F.3d 297, 314–15 (2d Cir. 2015). Here, the District Court properly held that Arroyo offered no evidence of a citywide policy or custom, nor has she linked such a policy to her treatment by the Officers. Arroyo has thus failed to raise a triable issue of fact regarding her *Monell* claims.

---

as to whether Officer Vega found the gun. Officer Vega's testimony on the subject was consistent, and Arroyo has presented no evidence, either below or on appeal, to contest this finding.

### E. State-Law Claims

Arroyo's remaining arguments address her claims arising under New York law. Because the District Court correctly dismissed all of Arroyo's federal claims, it was entitled to decline to exercise supplemental jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(c)(3).

### CONCLUSION

We have reviewed all of the arguments raised by Arroyo on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 11, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk