17-959-cv
Maria Moulthrop v. Slavin et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         BARRINGTON D. PARKER,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

Maria Moulthrop,

     Plaintiff-Appellant,

     -v.-                      17-959-cv

Michael Slavin, Lieutenant, Waterbury Police Department, City of Waterbury, in his individual and Official Capacities, David McKnight, Detective, Waterbury Police Department, City of Waterbury, in his Individual and Official Capacities, Orlando Rivera, Detective, Waterbury Police Department, City of Waterbury, in his Individual and Official Capacities, Vernon Riddick, Chief, Waterbury Police Department, City of Waterbury, in his Individual and Official Capacities, Neil O'Leary, Mayor, City of Waterbury, in his Official Capacity, Paul Guidone, Mary Ann Marold, Education Liaison, Waterbury Public Schools, City of Waterbury, in her

1

**Individual Capacity, Doreen Biolo,
Business Office Manager, Waterbury
Public Schools, in her Individual Capacity,
Thomas Pannone, Frederick L. Dorsey,**

<u>**Defendant - Appellees,**</u>

**TD Bank, N.A.,**

<u>**Defendant.**</u>
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**            Norman Pattis, Pattis & Smith
                             Law Firm, New Haven, CT.

**FOR APPELLEES:**            Joseph A. Mengacci, Esq., Office
                             of the Corporation Counsel,
                             Waterbury, CT.

Appeal from a judgment of the District Court for the District of Connecticut (Bolden, <u>J</u>.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED.**

Maria Moulthrop appeals from the judgment of the United States District Court for the District of Connecticut dismissing her false arrest and malicious prosecution claims against certain municipal employees of Waterbury, Connecticut. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Moulthrop was placed on leave from her position as principal at Hopeville Elementary School in fall 2011 after the school district uncovered irregularities in student standardized testing. An internal investigation expanded into allegations of other improprieties, including mismanagement of funds allotted to Hopeville's Parent Teacher Organization (PTO). A warrant for Moulthrop's arrest was issued on the strength of an affidavit based on investigations by the Waterbury Police Department (the

2

"Police defendants").  Statements of school employees (the "District defendants") included allegations that the Hopeville PTO was long defunct, had no directives, and was operated solely by Moulthrop for her personal projects.  The District defendants alleged unsanctioned fundraising and personal expenditures with school funds were siphoned into the PTO's account.  The affidavit also reflected a forensic accounting of the PTO's account with TD Bank, which uncovered, among other suspicious charges, a payment to repair Moulthrop's personal car and purchases of a flat-screen television and a leafblower.  See J. App'x at 115-17.

A magistrate judge signed the warrant and Moulthrop was arrested and charged with larceny.  Moulthrop alleged a conspiracy by the teachers and police officers to remove her from her position by spinning stories about the mismanaged PTO.  Without denying the TD Bank charges, she purportedly defended herself by explaining that most of the purchases were ultimately intended for the school and that the use of the PTO account for the car repairs had been an accident that she had attempted to correct with the merchant.  The jury acquitted her of all charges.

Moulthrop's suit against the city, the Police defendants, and the District defendants alleged, *inter alia*, false arrest under 42 U.S.C. § 1983 and malicious prosecution.  Count Two of the Amended Complaint alleges that Lieutenant Michael Slavin and Detective David McKnight knowingly or recklessly misrepresented the facts of her tenure as principal when they applied for the arrest warrant in violation of 42 U.S.C. § 1983.  Count Three alleges that the District defendants "initiated" a malicious prosecution through their participation in the internal investigation that eventually led to the criminal prosecution.  The district court granted the defendants' motion to dismiss the complaint in its entirety.  Moulthrop appeals the dismissal of Counts Two and Three.  "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."  Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016).

3

A plaintiff claiming false arrest under Section 1983 must show that the defendants intentionally confined her without consent and without justification.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest."  Id. (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).  "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested."  United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008)(internal citations and quotations marks omitted).  We consider the elements of the offense for which Moulthrop was arrested to assess the objective reasonableness of the officers' belief.  Lennon v. Miller, 66 F.3d 416, 424 (2d Cir. 1995).[1]

Moulthrop argues that the affidavit submitted by the police officers in support of the arrest warrant contained material omissions and falsehoods from the teacher interviews that, if corrected, vitiate the probable cause determination.  Where, as here, a plaintiff alleges an affiant knowingly or recklessly misrepresented information, she must show that "misstatements and omissions were necessary to the finding of probable cause."  Escalera v. Lunn, 361 F.3d 747, 743 (2d Cir. 2004) (citing Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)). "We assess the materiality of alleged misstatements in a warrant application by putting aside allegedly false material, supplying any omitted information, and then determining whether the contents of the 'corrected affidavit' would have supported a finding of probable cause" for the stated crime.  Loria v. Gorman, 306 F.3d

---

[1] Under Connecticut law, a conviction for larceny requires "(1) the wrongful taking or carrying away of the personal property of another; (2) the existence of a felonious intent in the taker to deprive the owner of [the property] permanently; and (3) the lack of consent of the owner."  State v. Chemlen, 140 A.3d 347, 369 (Conn. App. 2016) (alterations in the original).

4

1271, 1289 (2d Cir. 2002) (internal quotation marks and citation omitted).

As the district court concluded, probable cause would have existed solely on the basis of information in the affidavit that Moulthrop does not challenge, including that Moulthrop operated the PTO by herself, and bank records showing that the PTO paid Crestwood Ford more than $1,000 for repairs to Moulthrop's car and bought a leaf blower not used at the school and a television and camera that were kept for a time at Moulthrop's home. See State v. Papandrea, 991 A.2d 617, 624 (Conn. App. 2010), aff'd 26 A.3d 75 (2011) (finding defendant guilty of larceny for issuing checks from a business account for personal use).

The "omissions" alleged by Moulthrop relate to the failures of the police defendants to conduct additional interviews as a part of their investigation (e.g., Am. Compl. ¶ 102) and line-item details for particular transactions (e.g., Am. Compl. ¶ 89). These items, if added to the affidavit would still not undermine probable cause to arrest Moulthrop for larceny. At best, her complaint can be read to offer partial ex post justification for what "a person of reasonable caution" may consider criminal activity-which does not negate probable cause. See Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (probable cause may still exist "where a police officer was presented with different stories from an alleged victim and the arrestee").

A corrected affidavit would have supported a finding of probable cause. Accordingly, we affirm the dismissal of Moulthrop's false arrest claim. And since a finding of "probable cause is a complete defense to a constitutional claim of malicious prosecution," Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014), Moulthrop's remaining claims fail with it.

Finally, Moulthrop contends the district court abused its discretion in denying her leave to amend. See Cruz v. FxDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013). As Moulthrop's brief concedes, a "large universe of evidence [was] available to her from the [underlying] criminal proceedings" at the time she drafted her original and

5

Amended Complaint.  Appellant's Br. 20.  Moreover, probable cause existed purely on the basis of Moulthrop's own concessions and undisputed facts, rendering futile any further amendments to the pleadings.  The district court did not abuse its discretion in denying leave to amend the complaint.  See Van Buskirk v. The New York Times Co., 325 F.3d 87, 92 (2d Cir. 2003).

For the foregoing reasons, and finding no merit in Moulthrop's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK