Cornelio v. Connecticut

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

James P. Cornelio,

> *Plaintiff-Appellant*,

> v.                                                               17-1799

State of Connecticut, et al.,

> *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:          James P. Cornelio, pro se, New Preston, CT.

FOR DEFENDANTS-APPELLEES:          George Jepsen, Attorney General, Robert S. Dearington, Assistant Attorney General, Hartford, CT.


1

Appeal from a judgment of the United States District Court for the District of Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant James P. Cornelio, a former attorney proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint against the State of Connecticut, the Commander of the Connecticut Department of Emergency Services and Public Protection, an officer assigned to the Department's Sex Offender Registry Unit, and two unidentified individuals. Cornelio claimed that Connecticut General Statute 54-257(c), which requires sex offenders to timely return address verification forms, was unconstitutionally vague because the State sometimes allowed individuals to cure violations by later returning "violation letters" not contemplated by the statute. He also claimed that the actions brought against him for late return of his June and September 2014 address verifications were malicious prosecutions.

The district court granted the defendants' motion to dismiss the complaint for failure to state a claim, reasoning that the statute clearly and unambiguously sets forth sex offenders' obligations and the actions to be taken by state officials in case of a violation; the defendants complied with the statute's clear requirements when Cornelio violated the statute in June and September 2014; and Cornelio did not adequately allege that the defendants acted without probable cause or with malice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Cornelio is a pro se plaintiff, he is not entitled to special solicitude because he is a former attorney. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

We conclude that the district court properly dismissed Cornelio's claims. The Connecticut statute is not vague, either as applied or on its face. *See Thibodeau v. Portuondo*, 486 F.3d 61, 66-67 (2d Cir. 2007). Cornelio recognizes that the statute itself is "a model of clarity," and he agrees that he understands its requirements. *James P. Cornelio v. Connecticut*, Case No. 3:16-cv-01421 (CSH), 2017 WL 2271667, *4 (D. Conn. May 24, 2017). A facial vagueness challenge therefore fails because the statute is clear and would be valid as applied to Cornelio. *See Dickerson v. Napolitano*, 604 F.3d 732, 741-45 (2d Cir. 2010).

"A plaintiff making an as-applied challenge must show that the statute in question provided insufficient notice that his or her behavior at issue was prohibited." *Id*. at 745-46. Cornelio

contends that the statute is constructed in a manner that encourages arbitrary enforcement, making it difficult to anticipate which behavior will be censured. The district court performed a thorough analysis of § 54-257(c) and rejected this claim. We agree with the district court's reasoning that the statute's language provides "sufficient notice of or the opportunity to understand exactly what conduct is prohibited or proscribed" and "minimize[s] the risk of its arbitrary enforcement." *Cornelio*, 2017 WL 2271667, at *8.

Lastly, Cornelio's § 1983 malicious prosecution claim fails because he does not plausibly allege that the appellants acted without probable cause. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause is a complete defense to a constitutional claim of malicious prosecution."). "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Valentine*, 539 F.3d 88, 93 (2d Cir. 2008) (internal citations and quotation marks omitted). The arrest warrant prepared by the police officers details conduct—the failure to return the address verification letters—that fits squarely within the prohibition of the statute. *See Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995). The warrant was issued by a neutral magistrate, and there are no allegations that the descriptions of Cornelio's conduct in the warrant were false or misleading. These undisputed facts sufficiently establish probable cause for the offense of failing to comply with sex offender registry requirements. *See State v. T.R.D.*, 286 Conn. 191, 220 (2008).

We have considered Cornelio's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3