Mastromonaco v. County of Westchester, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                    *Circuit Judges*.

_____

DEREK MASTROMONACO,

                    *Plaintiff-Appellant*,

            v.                                          18-3336-cv

COUNTY OF WESTCHESTER, TIMOTHY JOYCE, INDIVIDUALLY, GEORGE WINSMAN, INDIVIDUALLY, ROBERT PAVONE, INDIVIDUALLY, JOHN DOE NO. 1, JOHN DOE NO. 2., JOHN DOE NO. 3, NAMES BEING FICTITIOUS, INTENDED TO BE POLICE OFFICERS OF THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY, INDIVIDUALLY,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     William Martin, Martin + Colin, P.C., White Plains, N.Y.

Appearing for Appellee:     John M. Nonna, Westchester County Attorney (David H. Chen, Westchester County Attorney's Office, *on the brief*), White Plains, N.Y.

---

[1] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Derek Mastromonaco appeals from the October 4, 2018 decision and order of the United States District Court for the Southern District of New York (Briccetti, *J.*) dismissing Mastromonaco's Section 1983 action and granting Defendants-Appellees summary judgment on Mastromonaco's claims of an unlawful stop, false arrest, unlawful search, unlawful detention and confinement, excessive bail, unlawful imprisonment, malicious prosecution, and *Monell* claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment. *See, e.g.*, *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009). To be entitled to summary judgment, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citation omitted).

## I. Unlawful Stop

Mastromonaco's first argument is that he was unlawfully stopped. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). This standard is met where an officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21; *see also United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) ("The circumstances necessary to justify a *Terry* stop are a reasonable basis to think that the person to be detained is committing or has committed a criminal offense." (internal quotation marks and citation omitted)). "When evaluating the reasonableness of a *Terry* stop, the reviewing court must consider the totality of the circumstances surrounding the stop . . . through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *United States v. Bayless*, 201 F.3d 116, 133 (2d Cir. 2000) (internal quotations and citations omitted).

We agree with the district court that Sergeant Pavone had "reasonable, articulable suspicion" that Mastromonaco was engaged in criminal activity when he stopped Mastromonaco in a school parking lot. Sergeant Pavone testified that the parking lot was an area known for criminal activity, that it was evening after the school day had concluded, and that Mastromonaco's car was secluded and at a considerable distance away from any other campus activities. He also

2

stated that Mastromonaco and his companion were reluctant to make eye contact with him as he drove past in a marked police car and attempted to drive away abruptly in the middle of the conversation. The record contradicts Mastromonaco's contention that any of these facts were in dispute.

We agree with the district court that these facts are sufficient to establish reasonable suspicion. *See Wardlow*, 528 U.S. at 124 ("Our cases have also recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. . . . Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."); *id.* at 123 ("the fact that the stop occurred in 'high crime area' [is] among the relevant contextual considerations in a *Terry* analysis" (citation omitted)).

## II.  False Arrest and Unlawful Search

Mastromonaco's second argument is that the police did not have probable cause to arrest him, search his car, and conduct a pat-down search of his person. "Probable cause is a complete defense to a constitutional claim of false arrest." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (citations omitted)). "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

We find that Mastromonaco's claims of false arrest and unlawful search are meritless for substantially the same reasons given by the district court in its thorough analysis. Mastromonaco's contention that Sergeant Pavone simply fabricated the smell of marijuana is wholly unsupported by the record. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation." (internal citations omitted)). We agree with the district court that the smell of marijuana in Mastromonaco's car and Mastromonaco's erratic behavior in suddenly driving away was, at a minimum, enough to establish arguable probable cause to arrest Mastromonaco.

## III. Unlawful Detention

Mastromonaco also argues that he was unlawfully detained because he was not arraigned within 48 hours of his arrest. We disagree. As a general rule, the Fourth Amendment requires that judicial determinations of probable cause be made within 48 hours of arrest. *See Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

The record clearly demonstrates, however, that Mastromonaco was in fact arraigned at Westchester Medical Center within 48 hours of his arrest. *See* App'x at 152 (affidavit of the court clerk of the Justice Court of the Town of Cortlandt stating that an officer of the Rochelle Bail Agency informed the Justice Court on the day of Mastromonaco's release that Mastromonaco was arraigned at the hospital); App'x at 154 (deposition of Justice Ponzini characterizing his role as

performing arraignments at the hospital); App'x at 241-42 (deposition testimony of Mastromonaco asserting that he was never arraigned, but also stating that he could not recall when or where he was arraigned, or if bail was set in the hospital); App'x at 420 (deposition testimony of Mastromonaco's father, stating that Mastromonaco was arraigned while Mastromonaco was in the hospital). Additionally, we agree with the district court that Justice Ponzini had the authority to arraign Mastromonaco at the hospital under New York law. *See* N.Y. Crim. Proc. Law § 170.15(1). We therefore find that this argument lacks merit.

## IV. *Monell* Claim

Last, Mastromonaco argues that the district court improperly dismissed his *Monell* claims. We find that this argument lacks merit. It is well-settled that a *Monell* claim cannot succeed without an underlying constitutional violation, and here there is no constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

We have considered the remainder of Mastromonaco's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4