Richardson v. McMahon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

Jewu Richardson,

> *Plaintiff-Appellant*,

> v.

James McMahon, City of Waterbury, Edward Mills, Juan Rivera,

> *Defendants-Appellees.**

22-582

---

| FOR PLAINTIFF-APPELLANT: | ALEXANDER T. TAUBES, New Haven, CT. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | JOSEPH A. MENGACCI (Daniel J. Foster, *on the brief*), City of Waterbury, Office of the Corporation Counsel, Waterbury, CT. |

---

\* The Clerk is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jewu Richardson appeals from the district court's grant of Defendants-Appellees' motion for summary judgment. Richardson brought false-arrest and malicious-prosecution claims under 42 U.S.C. § 1983 and Connecticut law against the City of Waterbury (the "City") and three Waterbury Police Department officers (James McMahon, Juan Rivera, and Edward Mills) (collectively, "Defendants"). The district court granted Defendants' motion for summary judgment, concluding that (1) Richardson's federal claims for false arrest and malicious prosecution are barred by qualified immunity, and (2) Richardson's claims against the City fail because they are contingent on the federal claims. Richardson challenges both aspects of the district court's ruling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).

**I.    Qualified Immunity**

The district court correctly granted summary judgment on Richardson's false-arrest and malicious-prosecution claims based on qualified immunity. Qualified immunity "shields police

officers acting in their official capacity from suits for damages unless their actions violate clearly-established rights of which an objectively reasonable official would have known." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (quoting *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (ellipses omitted)). "When a defendant moves for summary judgment based on qualified immunity," we apply a two-prong test: (1) "whether the facts shown make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." *Id.* (cleaned up). We may address the prongs in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A right is "clearly established" if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010).

"Probable cause is a complete defense to a constitutional claim of false arrest . . . [a]nd continuing probable cause is a complete defense to . . . malicious prosecution." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). In the false-arrest and malicious-prosecution contexts, "qualified immunity protects an officer if he had arguable probable cause to arrest the plaintiff." *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016) (internal quotation marks and citation omitted); *see Betts*, 751 F.3d at 82–83. "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Myers*, 819 F.3d at 633 (citation omitted).

The district court correctly determined the individual Defendants had arguable probable cause to arrest and prosecute Richardson. Based on several undisputed facts, an "officer of reasonable competence" in McMahon's and Rivera's positions "could have made the same choice"

3

to arrest Richardson. *Id.* (citation omitted). The officers received statements from Candice Binns and her daughter (an alleged eyewitness) suggesting that Richardson assaulted Binns. Richardson presents no evidence beyond speculation that the two statements were coordinated. It is undisputed that Rivera observed that "Binns appeared disheveled"; "her face, neck and shirt were a little wet"; McMahon "noticed the floor [of Binns's apartment] was wet"; and Binns "was cleaning up before Officers McMahon and Rivera arrived as there was stuff in the trash." Plaintiff Jewu Richardson's Local Rule 56(A) Statement of Facts in Opposition to Summary Judgment at 10, *Richardson v. City of Waterbury*, 19-cv-707 (D. Conn. Sept. 3, 2021), ECF 54-2 ("Rule 56 Statement"). Moreover, in his Rule 56 Statement, Richardson did not dispute that "Binns may have stated . . . to McMahon" that Richardson "began to yell at her[,] pushed her around the kitchen," and "pushed her against the sink, put his hands on her throat and began to choke her, turned on the sink and was pouring water on her face." *Id.* at 7. Under the circumstances, it was "objectively reasonable" for McMahon and Rivera to believe probable cause existed to arrest Richardson for assault. *Myers*, 819 F.3d at 633. So Defendants had arguable probable cause to arrest Richardson.

The same holds true for Richardson's malicious-prosecution claim. Arguable probable cause to charge exists when "even with distance and new information, it was not manifestly unreasonable . . . to charge." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996). Although Richardson provided a post-arrest sworn statement to Mills suggesting Binns and her daughter lied, Binns also provided a post-arrest statement that conflicted with Richardson's statement. Moreover, as the district court found, following Richardson's arrest, the police "did not uncover any further exculpatory evidence beyond" Richardson's own statement. App'x at

4

JA82.  So we are not persuaded that this new evidence rendered the individual Defendants' charging decision "manifestly unreasonable" under the circumstances.  *Lowth*, 82 F.3d at 572.  Defendants thus had arguable probable cause to charge Richardson, so they are entitled to qualified immunity.

The individual Defendants did not waive qualified immunity when they testified at Richardson's criminal trial.  Richardson failed to raise this argument below, so we deem it forfeited on appeal.  *See United States v. Graham*, 51 F.4th 67, 79–80 (2d Cir. 2022).  In any event, Richardson's invocation of *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123 (2d Cir. 1997), is misguided.  In that case, the court found a genuine issue of material fact as to whether a defendant officer "knowingly fabricated and distributed a false confession to prosecutors" when he "heard the content of the document in question, knew that [the plaintiff] had *not* made the statements attributed to him and nonetheless forwarded the statement to the prosecutor's office." *Id.* at 129.  We held that "[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial."  *Id.* at 130.  Here, Richardson does not raise a fabrication-of-evidence or fair-trial claim, and we are not persuaded by his contention that the officers provided false testimony at his criminal trial.  Richardson points to minor inconsistencies between the officers' and Binns's trial testimony and the officers' alleged lack of investigative rigor.  This falls well short of the compelling evidence of false testimony in *Ricciuti* and does not create a

genuine dispute of material fact as to the existence of arguable probable cause. So we hold that the district court correctly found that the individual Defendants are entitled to qualified immunity.

**II.     Municipal Claims**

The district court correctly granted summary judgment on the state-law claims against the City. Richardson's arguments to the contrary are unavailing. Under Conn. Gen. Stat. § 52-557n(a)(1)(A), "a political subdivision of the state shall be liable for . . . [t]he negligent acts or omissions of . . . any employee, officer or agent thereof acting within the scope of his employment or official duties." But there is a malice exception to § 52-557n's waiver of municipal immunity. Under the malice exception, a "political subdivision of the state shall *not* be liable" for "[a]cts or omissions of any employee, officer or agent which constitute[s] . . . malice." *Id.* § 52-557n(a)(2)(A) (emphasis added). So if we were to find that the individual Defendants acted with malice by, for example, arresting Richardson without probable cause, the City would not be liable.

Moreover, in the absence of malice, all that Richardson alleges would fall under § 52-557n(a)(2)(B), which provides another exception to § 52-557n's waiver of municipal immunity for "negligent acts or omissions which require the exercise of judgment or discretion as an official function." *Id.* § 52-557n(a)(2)(B).

*            *            *

We have considered all of Richardson's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
