24-2234-cv
Weilburg v. Koss

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

DARO C. WEILBURG,

*Plaintiff-Appellant,*

v.                                                                 No. 24-2234-cv

ETHAN C. KOSS, NEW YORK STATE TROOPER,

*Defendant-Appellee,*

JOHN S. RODGERS, ASSISTANT DISTRICT

ATTORNEY FOR STOCKBRIDGE TOWNSHIP
COUNTY OF MADISON, IN HIS INDIVIDUAL
CAPACITY, NORMAN BUTTON, HENCHMAN
FOR RICHARD CASTELLANE, JANE/JOHN
DOE, (KOSS) HUSBAND/WIFE, JANE/JOHN
DOE, (RODGERS) HUSBAND/WIFE,
JANE/JOHN DOE, HUSBAND/WIFE,

*Defendants.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Daro C. Weilburg, *pro se*,
Cicero, NY

FOR DEFENDANT-APPELLEE: Barbara D. Underwood,
Solicitor General, Victor
Paladino, Senior Assistant
Solicitor General, Beezly J.
Kiernan, Assistant Solicitor
General, *for* Letitia James,
Attorney General for the State
of New York, Albany, NY

Appeal from a judgment of the United States District Court for the
Northern District of New York (Brenda K. Sannes, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the District Court is AFFIRMED.

Daro Weilburg, proceeding *pro se*, appeals from a judgment of the United
States District Court for the Northern District of New York (Sannes, *C.J.*) granting
summary judgment in favor of New York State Trooper Ethan C. Koss and

dismissing Weilburg's false arrest claim under 42 U.S.C. § 1983.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Weilburg's claim arises from his arrest on March 12, 2022 for misdemeanor criminal trespass in the second degree, in violation of New York Penal Law § 140.15(1).   Weilburg lived in the downstairs apartment of a building owned by Richard Castellane.   Since 2016 he worked as a caretaker for Castellane's property in exchange for permission to live in the apartment.   The parties dispute whether that arrangement was terminated before Weilburg's arrest on March 12.   On March 11, Castellane fell and spent the night in the hospital. While Castellane was in the hospital, Weilburg was spotted on security-camera footage entering Castellane's residence several times between 11:52pm and 2:04am.   The next day, Trooper Koss responded to a report of a possible burglary at Castellane's residence.   After interviewing Weilburg, Castellane, and two friends of Castellane—Norman Button and Richard Altman—and reviewing security footage, Koss arrested Weilburg.

Weilburg sued Koss, Button, the prosecuting Assistant District Attorney John Rodgers, and several unnamed parties.   The District Court dismissed the

3

claims against Button, Rodgers, and the unnamed defendants, and granted

summary judgment in favor of Koss. On appeal, Weilburg challenges only the

dismissal of his false arrest claim against Koss. "We review *de novo* a district

court's decision to grant summary judgment." *Bey v. City of New York*, 999 F.3d

157, 164 (2d Cir. 2021). And we "construe[] liberally" the submissions of a *pro se*

litigant, interpreting them "to raise the strongest arguments that they suggest."

*Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks

omitted).

Weilburg's § 1983 claim for false arrest "derives from his Fourth

Amendment right to remain free from unreasonable seizures, which includes the

right to remain free from arrest absent probable cause. In analyzing § 1983

claims for unconstitutional false arrest, we have generally looked to the law of

the state in which the arrest occurred." *Jaegly v. Couch*, 439 F.3d 149, 151–52 (2d

Cir. 2006) (cleaned up). "Under New York law, the existence of probable cause

is an absolute defense to a false arrest claim." *Id*. at 152. "An officer has

probable cause to arrest when he or she has knowledge or reasonably

trustworthy information of facts and circumstances that are sufficient to warrant

a person of reasonable caution in the belief that the person to be arrested has

4

committed or is committing a crime." *Id*. (quotation marks omitted). Relevant

here, a person commits misdemeanor criminal trespass in the second degree in

New York when "he or she knowingly enters or remains unlawfully in a

dwelling." N.Y. Penal Law § 140.15(1); *see Finigan v. Marshall*, 574 F.3d 57, 62

(2d Cir. 2009). To determine the existence of probable cause, we "consider those

facts *available to the officer* at the time of the arrest and immediately before it."

*Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quotation marks omitted).

Before arresting Weilburg, Koss interviewed Weilburg, Castellane, Button,

and Altman, none of whom disputed that Weilburg entered Castellane's

residence the night Castellane was in the hospital — a fact that Koss then

confirmed by reviewing the security footage. That same day, Castellane

provided a sworn statement that Weilburg had no permission to enter his home.

Based on a "full sense of the evidence that led [Koss] to believe that there was

probable cause to make an arrest," *Stansbury v. Wertman*, 721 F.3d 84, 93 (2d Cir.

2013), we conclude that a reasonable jury could find only that Koss had probable

cause to believe that Weilburg "ha[d] committed . . . a crime," *Jaegly*, 439 F.3d at

152.

"[P]olice officers, when making a probable cause determination, are

5

entitled to rely on the victims' allegations that a crime has been committed,"

*Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000), but only if the

circumstances do not "raise doubt as to the person's veracity," *Betts v. Shearman*,

751 F.3d 78, 82 (2d Cir. 2014) (quotation marks omitted). Weilburg claims that

Koss was not entitled to rely on Castellane's allegations and so did not have

probable cause because Castellane was mentally infirm and Koss "brow beat

Castellane into signing the sworn statement." Appellant's Br. 25. But neither

claim is supported by admissible record evidence.

Weilburg also contends that he genuinely believed he had permission to

enter Castellane's residence as caretaker, and that with reasonable diligence Koss

could have discovered that Weilburg had such permission. Weilburg's

subjective belief is not relevant to whether Koss had probable cause to arrest him

in this case, and Koss was "not required to explore and eliminate every plausible

claim of innocence before making an arrest." *Jaegly*, 439 F.3d at 153. Here, "the

totality of evidence" available to Koss, including the interviews he conducted, his

review of the security footage, and Castellane's sworn statement, "establishe[d]

probable cause to believe that [Weilburg] committed the crime," even if

Weilburg did not believe he had committed it. *Stansbury*, 721 F.3d at 94.

6

## CONCLUSION

We have considered Weilburg's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court