24-2981-cv
*Islam v. Tirelli*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of November, two thousand twenty-five.

PRESENT:
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>WILLIAM J. NARDINI,
>*Circuit Judges.*

―――――――――――――――――――――――――

S.M.N. Islam,

>*Plaintiff-Appellant,*

>v.                                                          24-2981

Police Officer Andrew Tirelli, Sgt. Rodriguez, City of New York,

>*Defendants-Appellees,*

>v.

Officers John Doe 1-4,

>*Defendants.*

**FOR PLAINTIFF-APPELLANT:**                    S.M.N. Islam, pro se,
                                               Jamaica, NY.

**FOR DEFENDANTS-APPELLEES:**                  Geoffrey E. Curfman,
                                               (Rebecca L. Visgaitis, *on
                                               the brief*), *for* Muriel Goode-
                                               Trufant, Corporation
                                               Counsel of the City of
                                               New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

S.M.N. Islam, *pro se*, appeals from the district court's judgment in favor of defendants Officer Andrew Tirelli, Sergeant Christian Rodriguez, and the City of New York. Islam commenced this 42 U.S.C. § 1983 action through counsel, asserting four primary claims. Islam advances Fourth Amendment claims for false arrest and malicious prosecution after he was arrested and charged for an incident that occurred outside of a Dunkin' Donuts in Queens, where multiple witnesses reported that Islam

was attempting to kidnap and assault his teenage daughter. Islam also asserts a First Amendment claim, arguing that after his arrest, he was taken to the hospital and placed in leg restraints, which prevented him from performing a pre-prayer ritual cleansing of his feet, and thereby infringed on his religious liberty. Islam's final claim is a state law negligence claim against unnamed officers who failed to detain a man whom Islam alleged had hurt his daughter. The defendants moved for summary judgment on all four claims. The district court granted the defendants' motion, concluding that the defendants were entitled to summary judgment on Islam's Fourth and First Amendment claims, and declining to exercise supplemental jurisdiction over his negligence claim. *Islam v. Tirelli*, No. 22-cv-812, 2024 WL 4467188, at *3–*8 (E.D.N.Y. Oct. 10, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"This Court reviews a district court's grant of summary judgment *de novo*." *Alberty v. Hunter*, 144 F.4th 408, 414 (2d Cir. 2025) (internal quotation marks and citation omitted). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

3

The district court correctly granted the defendants' motion for summary judgment. First, we agree that the defendants were entitled to summary judgment on Islam's false arrest claim. "Courts should generally look to the law of the state in which the arrest occurred to determine the elements of a § 1983 claim for false arrest." *Id.* at 414–15 (internal quotation marks and citation omitted). "To establish a false arrest claim under New York law, a plaintiff must adequately allege (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Carruthers v. Colton*, 153 F.4th 169, 179 (2d Cir. 2025) (internal quotation marks and citation omitted). However, "[u]nder both federal and New York state law, probable cause is a complete defense to a false arrest claim." *Id.* (citation omitted). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (internal quotation marks and citation omitted). Moreover, when law enforcement has "received information from some person, normally the putative victim or eyewitness," this may also establish probable cause, "unless the circumstances raise doubt as to the person's

4

veracity." *Id.* (citation modified).

Here, the arresting officers had probable cause to believe that Islam had committed at least two criminal offenses: endangering the welfare of a child, in violation of New York Penal Law § 260.10(1), and harassment in the second degree, in violation of New York Penal Law § 240.26(1). A person is guilty of endangering the welfare of a child if he "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old," N.Y. Penal L. § 260.10(1), and a person is guilty of harassment in the second degree if "with intent to harass, annoy or alarm another person . . . [h]e . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same," N.Y. Penal L. § 240.26(1). As the district court properly concluded, the undisputed evidence reflects that multiple witnesses reported to police that Islam had a physical altercation with the putative victim—Islam's teenage daughter—and some witnesses reported that he had threatened to harm her. Islam's daughter also told police that Islam had choked her and dragged her by her clothes. Islam argues that there were reasons to doubt the veracity of these statements—for example, he claimed that his daughter changed her story multiple times, that she did not have marks on her body indicative of choking or dragging, and that he had previously reported his daughter missing. But these arguments are unavailing.

5

Police officers are often required to act in the face of conflicting or inconsistent information. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Probable cause may be based on mistaken or incorrect information, "so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Here, the statements made by Islam's daughter and various bystanders were not fatally undermined by the counterpoints that Islam identifies, and so we cannot say that the officers in this case failed to act reasonably or in good faith when arresting him based on the information they had received. Accordingly, the district court properly granted summary judgment to the defendants on Islam's false arrest claim.

Second, we agree that the defendants were entitled to summary judgment on Islam's malicious prosecution claim. To establish a § 1983 malicious prosecution claim, the plaintiff must show that "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, (4) actual malice, and (5) a sufficient post-arraignment liberty restraint to implicate the

6

plaintiff's Fourth Amendment rights." *Carruthers*, 153 F.4th at 181 (internal quotation marks and citation omitted). "Probable cause is a complete defense to a constitutional claim of malicious prosecution." *Id.* (internal quotation marks and citation omitted). "Probable cause, in the context of malicious prosecution, has been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Id.* (internal quotation marks and citation omitted). "In assessing probable cause for a malicious prosecution claim, in contrast to a false arrest claim, courts must evaluate suits charge by charge." *Id.* (internal quotation marks and citation omitted). "That is, probable cause must be shown as to each crime charged in the underlying criminal action." *Id.* (internal quotation marks and citation omitted).

We have already explained why there was probable cause to believe that Islam had committed both of the New York offenses with which he was ultimately charged: endangering the welfare of a child, and harassment in the second degree. Accordingly, the district court properly granted summary judgment in favor of the defendants on Islam's malicious prosecution claim.

Third, we agree that the defendants were entitled to summary judgment on Islam's First Amendment claim. As discussed above, Islam was taken to a hospital after his arrest because he complained of chest pain. While at the hospital, officers placed Islam

7

in leg restraints to prevent his escape. Islam alleged that, because his legs were restrained, he was unable to perform a pre-prayer ritual cleansing of his feet during his hospital stay as his religion requires. "To establish a Section 1983 violation, a plaintiff must plead (and later prove) that each defendant was personally involved in the alleged constitutional violation." *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (citation omitted). Here, the record did not reveal that either Tirelli or Rodriguez was involved in the events at the hospital underlying Islam's First Amendment claim. Rather, Islam asserted in the district court—and continues to allege on appeal—that it was an "Officer Morrish" who denied him the ability to properly pray at the hospital. Given Islam's failure to provide any evidence of Tirelli or Rodriguez's personal involvement in the alleged violation of his First Amendment rights, the district court properly granted summary judgment in those defendants' favor.

In his papers opposing the defendants' motion for summary judgment, Islam attempted to salvage his claim by asking to substitute Officer Morrish for one of the Officer John Doe defendants named in his complaint. Federal Rule of Civil Procedure 15(a) provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, "it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48

8

F.3d 674, 685 (2d Cir. 1995). "Leave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks and citation omitted). Here, the district court correctly explained that Islam—who was represented by counsel throughout the district court proceedings—never filed a proper motion to amend the complaint and to substitute Officer Morrish as a defendant. For this reason, and because discovery had already closed and the case had progressed to the summary judgment phase, the district court did not abuse its discretion when it denied Islam's belated and improper requests to substitute a party.

Having concluded that the district court properly granted summary judgment for the defendants on all of Islam's federal claims we discern no abuse of discretion in its decision not to exercise supplement jurisdiction over his state-law negligence claim.

We have considered all of Islam's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9